**Opinion issued August 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00524-CV

_____

**BENEDICT EMESOWUM, Appellant**

**V.**

**ANNE BARONITIS, SEARGENT B. RINER, AND UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER, Appellees**

---

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1061504

---

## MEMORANDUM OPINION

Appellant, Benedict Emesowum, proceeding *pro se*, attempts to appeal from an interlocutory order of the trial court sustaining a contest to appellant's affidavit of indigence for trial-court costs. Appellant filed a motion to proceed with this

appeal to review the trial court's indigence ruling without prepayment of costs. We dismiss the appeal for want of jurisdiction.

Generally, appeals may be taken only from final, appealable judgments or interlocutory orders that are authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)(1)–(12) (West Supp. 2014); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Here, the record reveals that no final judgment has been entered in this case. Appellant is attempting to appeal from the trial court's interlocutory order, signed on June 2, 2015, which sustained the contest to his affidavit of indigence for trial-court costs; directed the trial clerk not to proceed any further unless appellant paid the listed trial-court costs by the dismissal date of August 4, 2015; and if the costs were not paid by that date, ordered that the case be dismissed without prejudice. *See* TEX. R. CIV. P. 145(d).

While this Court can review an order sustaining a contest to an affidavit of indigence for appellate-court costs that follows a final judgment, under Texas Rule of Appellate Procedure 20.1, an interlocutory order denying indigence status for trial-court costs, under Texas Rule of Civil Procedure 145, may not be appealed before rendition of a final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(1)–(12); TEX. R. CIV. P. 145(d); TEX. R. APP. P. 20.1(a)(1), (2); *Lehmann*, 39 S.W.3d at 195, 200; *Hunt v. Tex. Bd. of Pardons & Paroles*, No. 01-12-00517-CV, 2012 WL 3776519, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30,

2

2012, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction appeal of interlocutory order sustaining a contest to appellant's affidavit of indigence for trial-court costs under Texas Rule of Civil Procedure 145(d)).

On June 25, 2015, the Clerk of this Court notified appellant that he needed to file a response showing grounds for this Court's jurisdiction over this appeal within ten days of that notice, or else the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant timely filed a response, but he failed to show grounds for this Court's jurisdiction over this appeal. Instead, he claimed only that this appeal should be abated until the August 4, 2015 deadline for payment of the trial court's filing fees and that, if this fee were still unpaid at that time, this Court should reinstate this appeal to avoid the time, cost, and confusion of his refiling the appeal.

We conclude that granting appellant an abatement here is unnecessary because his response does not show how this Court has jurisdiction over his current appeal of the interlocutory order, which is not appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1)–(12).

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

3